Before we commence, let me advise you, if you are not aware of it, even though only two of us are sitting here, Judge Lipis will be participating also over the telephone. So the procedure will be after counsel argue, after each counsel argues or at any point, Judge Lipis may be also asking questions. Thank you. Good morning. Miriam Ramos Brateroles on behalf of Appellant. In the instant case, Appellant was indicted in a four-count superseding indictment. First count, a prohibited person in possession of a firearm. Second count, possession with intent to distribute some detectable amount of cocaine. The third count, possession with intent to distribute marijuana. And the fourth count, possession of a firearm in furtherance of a drug trafficking crime. The Appellant pled guilty pursuant to Rule 11C1A and B. That's non-conditional guilty plea, right? Correct? That's correct. And what does that do to your appeal? I'm sorry? What does the entry of an unconditional guilty plea do to your appeal? Well, Your Honor, in this case, the defendant waives the right to appeal if the court sentence is pursuant to the recommendation. This is not a conditional plea, so once the parties submit the sentence recommendation, the court is free to sentence him pursuant to what the parties agree, and the supervised release conditions are discretionary to the court. Well, assuming you're right on that point, were you a trial counsel? No, Your Honor, I wasn't. Did the trial counsel and defendant both agree to the condition you're objecting to right now? In the sentencing hearing, yes, but later the counsel withdrew that objection, Your Honor. As a matter of fact, in this case... Later when? During the same sentencing hearing, after a few interactions with the attorney, he withdrew the objections as to the home detention imposed by the court. As a matter of fact, the court should know that I initially filed an under-brief in this case. I'm here because the court entered an order on September 12, 2016, and pursuant to that order, I met with my client to see if he wanted to proceed with the case pursuant to the order given by the court, or if he wanted to abide by the under-brief. My client instructed me to brief the court on the two issues raised by the court, whether the waiver provision in defendant plea agreement would allow a challenge to the 12-month term of home detention imposed as a condition of supervised release, and if so, whether the district court erred by referring to the sentence on the drug charge as a variance. That's the reason I'm here, because of that order and because my client instructed me to do so. I take it, as the government's brief makes clear, because the judge ordered a zero-month sentence, there is no authority to issue home detention as a condition of release for that sentence. Well, the problem here is the wording the lower court used at the time of sentencing. That wording is confusing. It's less than clear, although the lower court attempted at all times to be just and fair with the appellant, because he was very sick. He has a chronic obstructive pulmonary disease. He has epistema, and the court attempted to deal with that physical condition of the appellant at the time. In that interaction, and stating to the defendant at the time what was going to be the court's sentence, is the time that the judge uses the word variance, and this certainly is not a variance. If it was a variance, he had to explain the same and, in fact, find him to see why it was a variance, but it was not a variance. The court could do that, substitute the sentence, the jail time for home detention. But not by going all the way to zero. I thought the government's position was what seems correct, which is that you can't issue a zero-month sentence and then issue supervised release on top of that. Yes, that's right. But that's what happened here. That is what happens here. If the court has given me an hour in court and then given the supervised release, that would be fine. Right, but he didn't do that. He didn't do that. Right. So the puzzle that I have, and I understand your predicament since you filed an Andrews brief, but we have a sentence with a supervised release condition tacked on to a zero-month sentence. That's right. If that's the position and if the record supports that conclusion, then the question is what should happen. So one concern is if we remand, there is a chance that a remand, he will get a longer prison term than he now has, which I imagine he would not want to have happen. We are very clear on that, and we have discussed that at Nauseum with our client to that effect, and we believe, we agree with the government that the sentence should be vacated, the judgment should be vacated and an order be given to the lower court for a limited remand for sentencing. And the idea would be what? We just need to clarify that if he's going to impose this condition of supervised release, it has to be as a condition on the five-year supervised release that was imposed on the other count rather than being imposed on the zero-prison-year count. Well, I don't know. I believe the lower court has discretion to do it either way and state, let's say. What I'm saying, I'm trying to get your client's position. I assume your client would, I don't see a ground for objecting to the district court if it chose imposing the mandatory home detention as a condition on the five-year supervised release sentence that was handed down. But I assume your client's position on remand would be that that's the only discretion the judge should have. The judge shouldn't have discretion at this point to now say, well, okay, if I can't impose it on the zero-month sentence, I'll make it a six-month sentence plus home detention on that sentence. Well, what the client believes is that because of his health conditions, he's going to get less and less home detention. That is what he believes. And you know that he has filed about 19 errors. Less than what? And you see that he has filed 19 errors per se. And as a matter of fact, what is behind this is a compassionate release, which he is asking for. And he wanted me to ask this court for. And I told him this is not the place to ask that. I filed a compassionate release before the Bureau of Prison, and it's pending there. Excuse me. Yeah. I still do not see in the record where trial counsel or the defendant objected to the home detention. The last thing that happened, can you point me to the record where they did so after they admitted to that sentence? I cannot point out because they didn't object that, Judge. They didn't object. This is the last thing that happens on the record. The court says, this is a person that is very ill who is going to be subsidized by the federal government for one extra year. That's what it is. If he really is very ill, this medical condition in your house paid by the U.S. government. Mr. Vega. I'll take it then, Your Honor. Yes. Let me finish because this is the end of that hearing, and nothing else is said objecting to that sentence. There is no objection, Judge. That's what I was saying. At the beginning, Mr. Vega objected, but later after the court told that he was going to receive, at page 28 of the transcript, he was going to receive medical treatment at home, he said, I'll take it. So he withdrew the objection. Well, did he withdraw it, or is it possible to read the colloquy as suggesting that the judge was effectively suggesting that, if you don't take this, I may give you more years. And then what he's put in the position of is the odd circumstance that the actual offer is not a lawful offer by the district court. Because the district court is saying, I'm going to give you a zero-month sentence plus supervised release. You can't do that. The last thing that happens is the judge says, it is a quid pro quo, which the court, instead of giving him six months, is giving him 12 months in home detention medical care. Mr. Vega, fine. But the contrast there is six months in prison or 12 months home detention as supervised release for a zero-month sentence, and that's not permissible. So in that sense, when he says, I'll take it, well, if you're going to say, I get six months in prison, I guess I'll take 12 months supervised release with a zero-month sentence. Yes, but he's already made clear you can't do that, and the government concedes you can't do that as a district court. That's right. That's right. Thank you. Wait a minute. Judge Lampert, I'm sorry. Are you on the line? I am on the line. I have no questions. All right. Good morning, Your Honors, and may it please the Court. Michael Rocker from the Department of Justice on behalf of the United States. As the Court's questions have put their finger on the fact that there are two separate waivers that we have asserted in this case, I'd like to address both of them, but if I may, I'll begin, Judge Barron, with your questions, because I think you've put your finger on the issue about the supervised release. I understood and agreed with everything that you stated to my opposing counsel this morning. The one point where I would depart is this. Conditions of supervised release are not imposed on a per-count basis. They're not specific to the count. They're not like a sentence of imprisonment or a term of imprisonment. They're just conditions, and if you look at the judgment itself, it just lists the conditions at the back. So I understood the premise of Your Honor's question, and I would agree with you. I thought in your brief you didn't say that it was clear that the condition of supervised release was a condition, the home detention condition, was for on the five-year supervised release, because it's ambiguous in the instruction where the district court understood that that's what he was doing. Well, I'm not sure what the district court understood. That would be consistent with me saying it was ambiguous. I guess I don't read as being ambiguous because I think that's what he said. I'm sorry? Then you are sure what he said. No, I'm not sure what he said. I just don't think that it's – what the statute says is that the statute says you can impose home detention in lieu of or as a substitute for imprisonment. It doesn't say it has to be on the same count. It doesn't say it has to be. Right. It's just that it's unclear whether the district court thought it was on the count for which he gave a zero-month sentence. I think your brief is admirable in suggesting that it's unclear whether that's what the district court thought it was doing. Well, again – Because I thought you were suggesting if we did remand, the thing we would remand for would be to clarify what the district court was doing as between the two. Well, I think what I was trying to say, maybe I didn't, and I'll accept the words in my brief, is that we wouldn't object if the court wants to remand and simply tell the district court, vacate any term of supervised release on count three because you had no authority. Right. And then it would be a question whether the district court, now realizing that this condition of supervised release would not be imposed on the zero-month sentence for count three, whether, in fact, it would still be willing to impose this condition, notwithstanding that there was a five-year supervised release condition on count one, right? Right. Yeah, but I don't think – That's the whole point. We don't know. If the district court was informed, you cannot impose this home detention on a zero-month sentence. But that's – I'm sorry. Continue. I'm sorry. Would you still impose this condition? Right. And I think where we respectfully depart is I don't think the court said it was imposing the home detention on a specific count. I didn't say it wasn't. What I said is if we informed the court that you may not impose it on that count, the record's ambiguous as to whether the district court would impose it at all. Well, I guess I don't read the record as being ambiguous. I think the district court's overarching intent was to minimize the amount of time that Mr. Lopez-Pastrana had to spend in jail. Well, the only thing that could mean, since you concede you cannot impose this condition on count three, the zero-month sentence, then it must be the district court was imposing it on the other count. That assumes that they're imposed per count. Yes, yes. There's only two counts. In this case, yes. I would agree. What I'm saying is I thought your brief was admirably recognizing that the record was not as clear as one would hope, that that's what the district court judge was doing. Look, I'll stand by the words that we said in our brief. I'm not going to retract from them. You can say no. Do you think the record is clear that the district court was imposing it? I think that the court was clear. I think we should give the district court the benefit of the doubt and assume that it knows from institutional experience and whatnot that it can't impose any supervised release and, therefore, no conditions. But he says straight out, otherwise I'd give you 12 months on that count. And in exchange for not doing that and giving you zero months, I'm imposing this condition. But you can't do that trade. Well, you can look at it as a no-error type case or you can look at it as a harmless-error type case. And we think that because the court had statutory authority to give him the 12 months on the other count, I'm not sure how to do it. But you could only do harmless-error if you knew it would do that. If it fully understood it couldn't impose it on count three. That's the problem I have. Okay, I understand. I guess my response then would be the same way. You have no problem, given your argument, that if we remanded for resentencing, we would make clear you couldn't add prison time to count three. Yes, correct. Okay. Yes. And as far as Judge Torvea, as far as your question, there's a separate waiver which occurred when the defense counsel – so let me step back. The pre-sentence report recommended home detention. There was no written objection filed. At the sentencing hearing, the district court began with the preliminaries and then it started to impose sentence. At that point, defense counsel interjected and said, we oppose – we object to the home detention condition. And the judge said, I'll hear your objections, but I want to finish pronouncing sentence. The court then went through and pronounced sentence. At that point, the court asked defense counsel, what objections would you like to make? Defense counsel then said, I object to the home detention condition because it requires continued monitoring of my client. At that point, the district court said, yeah, but I'm doing this for your client's benefit. I want him to have medical care in the comfort of his own home. There was an extensive back and forth that spanned three pages, pages 24 to 28 of the sentencing transcript. And at the end of it, it got to the discussions that Your Honor was quoting to my opposing counsel this morning, where defense counsel said, not once but twice, we will take it. Okay? And then after that, the district court then said, I want to make clear that I'm giving you home detention in lieu of imprisonment. And counsel said, fine. In our view, that is an affirmative withdrawal of whatever objection they had to the sentence, to the home detention condition. Could that be true if it really was home detention on the zero-month sentence? Could it really be true then? I mean, you say to the defendant, look, I'm going to give you prison time if you don't take this, and I'm going to impose it on a zero-month sentence. He says, you know, you can't do that. You're misapprehending because you think that you're adding time, but you're not. You're not reducing time. You're adding time because you're going to give me zero months. At that point, he then says, okay, if that's my options, I'll take it. But the idea that at that point he's waived his ability to make clear what you concede is true and what he initially raised is that you can't add supervised release time to no time. Right. It seems odd to treat that as a waiver. I don't think he made any of those objections, though. That wasn't his complaint. I mean, he understood what the district court was doing. And, again, the district court was talking. He said to the district court, this is hardly to my benefit if you were going to give me zero months. When? I don't recall that being. He says this is going to be adding to my time. Yeah, but it's not adding to his. That's the fundamental flaw with the argument. It's not adding to prison time. It's a condition of supervised release. Yeah, but he says on top of zero. If I had zero and no home detention, he makes that clear. That's why he was objecting. Well, I guess we read the record differently, Your Honor. I don't think that was the basis for the objection. And I think that the government's position, I don't think it's necessary to remand. But you don't see any big problem. If we remanded with a requirement that he only could impose this condition. As to count for it. As to count for it. And nothing else. And then we could clear it up. That's fine. I mean, I don't think it's necessary. But if that's the path the court wants to proceed down, we're not going to object to that. Judge Leibovitz, do you have any questions? Yes, I do have a question. I'll pose this question to government counsel, but I'd also like appellant's counsel to have an opportunity to respond as well. When we vacate a sentence and remand, we are supposed to be very explicit about the scope of the resentencing. Now, I gather that you do not think we should remand at all. But if we remand and very narrowly circumscribe what the district court is to do, to make clear to the district court that it erred in linking this home confinement as a condition of supervised release to count three where no prison time was imposed. You can't increase the prison time. You would be content with that. My sense is, and I guess I'd just like your comment on this, and then I would like appellant's counsel to respond. My sense is appellant's counsel would like just a general remand and an opportunity to argue for an entirely different outcome. I mean, that seems to be the thrust of the pro se appeal. Now, I gather you would very much object to a remand which just gave the judge an opportunity to reconsider in its entirety the sentence. Is that correct? Yes, Your Honor. I agree. I do think that the court, under 28 U.S.C. 2106, the court has discretion to fashion a mandate that's proportional to the harm. I think the only harm, to the extent there is harm at all, is in imposing the supervised release condition as we've discussed. So we would urge the court to just adopt a limited remand for that very specific purpose and not authorize a general remand to reopen the entirety of the proceedings. Would you agree, though, that there are precedents where circumstances have changed in the life of the defendant between the time of the initial sentence and resentencing, where we would have the authority to send it back just a general reconsideration of the sentencing. Isn't that correct? Yes, Your Honor. I'm not denying the court's authority. We're just asking the court not to exercise the broader authority here and just to keep it limited and narrow. So I would like to hear from an appellant's counsel how she would like us to fashion any remand for resentencing if we were to do that. Could I ask an appellant's counsel to respond to that, Judge Trullo? Yes, Your Honor. I would not object to a general remand. Is that a fact that you understand your client to want? Yes, I believe so, Your Honor. Even understanding that that could expose him to a longer sentence and not one that's necessarily more favorable. Yes, Your Honor. I have discussed that many times with my client to that effect, and he insists that he wants a remand. A remand would be fine with him, and a general remand, Your Honor. As the court notes, because of all the letters, he has filed resent. All right. Thank you. I have no further questions. Thank you.